IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMILY ZHANG

    v.       :    Civil Action No. DKC 15-0991

MORRIS FISCHER, et al.

## MEMORANDUM OPINION

Presently pending and ready for resolution in this case are: (1) a motion to dismiss or for summary judgment filed by Defendants Morris Fischer and Morris E. Fischer, LLC (ECF No. 8); and (2) a motion for voluntary dismissal filed by Plaintiff Emily Zhang (ECF No. 10).  The court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Plaintiff's motion for voluntary dismissal will be granted and Defendant's motion to dismiss or for summary judgment will be denied as moot.

## I.  Background

Plaintiff commenced this action on April 6, 2015, by filing a complaint against Defendants Morris Fischer and Morris E. Fischer, LLC alleging breach of contract, breach of fiduciary duty, legal malpractice, and fraud in connection with Defendants' representation of Plaintiff in her employment action against Lockheed Martin Corporation.  (ECF No. 1).  On June 5,

2015, Defendants moved to dismiss or for summary judgment. (ECF No. 8). Plaintiff did not oppose the motion. Instead, on June 22, 2015, she moved to dismiss all of her claims voluntarily. (ECF No. 10). Defendants oppose Plaintiff's request to dismiss voluntarily. (ECF No. 11).

## II. Analysis

Plaintiff argues that the case should be voluntarily dismissed without prejudice. (ECF No. 10). Plaintiff represents that she "decided not to proceed with this legal action[,]" but that her request "reflects nothing about the merits of [her] claims." (*Id.* at 1).

Fed.R.Civ.P. 41(a)(2) allows for dismissal by court order after the opposing party has served either an answer or motion for summary judgment and without consent of all parties who have appeared. It provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* The purpose of Rule 41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted). The decision to grant or deny a voluntary dismissal under Rule 41(a)(2) "is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." *Id.* The factors that should guide a district court in deciding a motion

under Rule 41(a)(2) include "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, insufficient explanation of the need for a voluntary dismissal, and the present stage of litigation." *Miller v. Terramite Corp.*, 114 F.App'x. 536, 540 (4th Cir. 2004) (quoting *Phillips USA, Inc., v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).  The potential prejudice to the non-moving party is a key factor, but the Fourth Circuit has recognized that "[its] jurisprudence on the issue of what constitutes sufficient prejudice to a nonmovant to support denial of a motion for voluntary dismissal under Rule 41(a)(2) is not free from ambiguity." *Howard v. Inova Health Care Servs.*, 302 F.App'x 166, 179 (4th Cir. 2008), *cert. denied*, 129 S.Ct. 2766 (2009).  The Fourth Circuit in *Howard* further explained:

> In *Davis*, we noted that "[i]t is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation." 819 F.2d at 1274-75.  Similarly, in *Fidelity Bank PLC v. N. Fox Shipping N.V.*, we held that "the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice."  242 F.App'x 84, 89 (4th Cir. 2007) (quoting *Andes [v. Versant Corp.]*, 788 F.2d 1033, 1036 n.4 [(4th Cir. 1986)] (internal quotations and alterations omitted)).  However, we have also found on

3

multiple occasions that a district court does not abuse its discretion in denying a motion for voluntary dismissal if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery. *See, e.g., Miller*, 114 F.App'x at 540 (affirming district court's decision that plaintiff's motion for voluntary dismissal was "untimely and would waste judicial resources" because the motion was filed well after discovery had closed and a dispositive order was imminent); *Francis v. Ingles*, 1 F.App'x 152, 154 (4th Cir. 2001) (affirming district court's denial of motion to dismiss without prejudice because the "plaintiff's motion came after a lengthy discovery period and merely one week before the scheduled trial date" and because "the motivation for the motion appeared to be to circumvent" a discovery ruling, which counsel could have avoided "by deposing the witness within the discovery period"); *Skinner v. First Am. Bank of Va.*, 64 F.3d 659, 1995 WL 507264, at *2-3 (4th Cir. 1995) (stating that "[t]he expenses of discovery and preparation of a motion for summary judgment may constitute prejudice sufficient to support denial of a voluntary dismissal" and noting that granting a motion to dismiss is not required to allow a party to "avoid an adverse ruling in federal court"); *Sullivan v. Westinghouse Elec. Corp.*, 848 F.2d 186, 1988 WL 54059, at *2 (4th Cir. 1988) ("Given the advanced stage of the proceedings, the district court's denial of [the plaintiff's] motion was not an abuse of discretion.").

*Howard*, 302 F.App'x at 179-80. Ultimately the decision is highly discretionary.

Considering the foregoing factors, Plaintiff's motion for voluntary dismissal without prejudice will be granted. Although Defendants oppose Plaintiff's request for voluntary dismissal,

4

they provide no basis for finding that they will be unfairly prejudiced by the dismissal without prejudice.   Defendants indicate that they "will only consent to Plaintiff's request if Plaintiff agrees to pay the fees associated with preparing the motion to dismiss or in the alternative for summary judgment." (ECF No. 11, at 2).  As set forth above, however, the mere fact that Defendants moved to dismiss or for summary judgment does not provide a basis for refusing to dismiss without prejudice. Moreover, this case is still in its preliminary stages as the parties have not taken discovery and no scheduling order has been issued.   Defendants – an attorney and a law firm – represent that they expended $4,998 in having to prepare a thirteen-page motion to dismiss or for summary judgment.  (*Id.*). It cannot be said, however, that they have incurred substantial costs in having to defend this case so far.  *See, e.g., Wellin v. Wellin*, No. 2:13-cv-1831-DCN, 2014 WL 234216, at *11 (D.S.C. Jan. 22, 2014) (granting motion for voluntary dismissal where a party incurred almost $200,000 in litigation costs, but the case was "nevertheless in its infancy.").   Moreover, the record reflects that Plaintiff has neither excessively delayed this case nor displayed a lack of diligence.   For the foregoing reasons, the case will be dismissed without prejudice.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for voluntary dismissal will be granted and the case will be dismissed without prejudice.  Defendants' motion to dismiss or for summary judgment will be denied as moot.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge